# <u>NOTICE</u>

THE PURPOSE OF THIS POWER OF ATTORNEY IS TO GIVE THE PERSON YOU DESIGNATE (YOUR "AGENT") BROAD POWERS TO HANDLE YOUR PROPERTY, WHICH MAY INCLUDE POWERS TO SELL OR OTHERWISE DISPOSE OF ANY REAL OR PERSONAL PROPERTY WITHOUT ADVANCE NOTICE TO YOU OR APPROVAL BY YOU.

THIS POWER OF ATTORNEY DOES NOT IMPOSE A DUTY ON YOUR AGENT TO EXERCISE GRANTED POWERS, BUT WHEN POWERS ARE EXERCISED, YOUR AGENT MUST USE DUE CARE TO ACT FOR YOUR BENEFIT AND IN ACCORDANCE WITH THIS POWER OF ATTORNEY.

YOUR AGENT MAY EXERCISE THE POWERS GIVEN HERE THROUGHOUT YOUR LIFETIME, EVEN AFTER YOU BECOME INCAPACITATED, UNLESS YOU EXPRESSLY LIMIT THE DURATION OF THESE POWERS OR YOU REVOKE THESE POWERS OR A COURT ACTING ON YOUR BEHALF TERMINATES YOUR AGENT'S AUTHORITY.

 YOUR AGENT MUST ACT IN ACCORDANCE WITH YOUR REASONABLE EXPECTATIONS TO THE EXTENT ACTUALLY KNOWN BY YOUR AGENT AND, OTHERWISE, IN YOUR BEST INTEREST, ACT IN GOOD FAITH AND ACT ONLY WITHIN THE SCOPE OF AUTHORITY GRANTED BY YOU IN THE POWER OF ATTORNEY.

THE LAW PERMITS YOU, IF YOU CHOOSE, TO GRANT BROAD AUTHORITY TO AN AGENT UNDER POWER OF ATTORNEY, INCLUDING THE ABILITY TO GIVE AWAY ALL OF YOUR PROPERTY WHILE YOU ARE ALIVE OR TO SUBSTANTIALLY CHANGE HOW YOUR PROPERTY IS DISTRIBUTED AT YOUR DEATH. BEFORE SIGNING THIS DOCUMENT, YOU SHOULD SEEK THE ADVICE OF AN ATTORNEY AT LAW TO MAKE SURE YOU UNDERSTAND IT.

A COURT CAN TAKE AWAY THE POWERS OF YOUR AGENT IF IT FINDS YOUR AGENT IS NOT ACTING PROPERLY.

THE POWERS AND DUTIES OF AN AGENT UNDER A POWER OF ATTORNEY ARE EXPLAINED MORE FULLY IN 20 PA. CONS. STAT. ANN. CH. 56.

IF THERE IS ANYTHING ABOUT THIS FORM THAT YOU DO NOT UNDERSTAND, YOU SHOULD ASK A LAWYER OF YOUR OWN CHOOSING TO EXPLAIN IT TO YOU.

I HAVE READ OR HAD EXPLAINED TO ME THIS NOTICE AND I UNDERSTAND ITS CONTENTS.

Dated: _3/27/18_        _Lyndel Toppin_
                                                      **Lyndel Toppin**

Date: _____

_____

(*Principal*)

I, **Lyndel Toppin**, of Philadelphia County, Pennsylvania, do hereby appoint Barrington Whyte of Philadelphia County, Pennsylvania as my true and lawful agent (hereinafter referred to as "my agent") with full power of substitution, for me and in my name, to transact all my business and to manage all my property and affairs as completely as I might do if personally present, including but not limited to exercising the following powers.

This power shall not be affected by my subsequent disability or incapacity. All acts done by my agent pursuant to this power during any period of my disability or incapacity shall have the same effect and inure to the benefit of and bind me and my successors in interest as if I had full capacity and were not disabled.

I hereby revoke all powers of attorney which I may have heretofore granted, except (i) limited powers authorizing any lawyer or certified public accountant to act on my behalf in any matter relating to federal taxes; (ii) limited powers over any bank, brokerage or mutual fund account or safe deposit box; provided that in either case, the power is signed by me on a form authorized or supplied by the Internal Revenue Service or the institution involved, as the case may be; and (iii) any advance directive for health care, or similar document.

Management of Assets

1. *Cash Accounts.* To collect and receive any money and assets to which I may be entitled; to deposit cash and checks in any of my accounts; to endorse for deposit, transfer or collection, in my name and for my account any checks payable to my order; and to draw and sign checks for me and in my name, including any accounts opened by my agent in my name at any bank or banks, savings society or elsewhere, and to receive and apply the proceeds of such checks as my agent deems best.

2. *Stocks and Bonds.* To take custody of my stocks, bonds and other investments of all kinds, to give orders for the sale, surrender or exchange of any such investments and to receive the proceeds therefrom; to sign and deliver assignments, stock and bond powers and other documents required for any such sale, assignment, surrender or exchange; to give orders for the purchase of stocks, bonds and other investments of any kind and to settle for same; to give instructions as to the registration thereof and the mailing of dividends and interest therefrom; to clip and deposit coupons attached to any coupon bonds, whether now owned by me or hereafter acquired; to represent me at shareholders' meetings and vote proxies on my behalf; and generally to handle and manage my investments.

3. *Personal Property.* To buy or sell at public or private sale for cash or credit or by any other means whatsoever; to acquire, dispose of, repair, alter or manage my tangible personal property or any interests therein.

4. *Real Estate and Cooperative Apartments.* To lease, sell, release, convey, extinguish or mortgage any interest in any real estate I may own, or in any proprietary lease or any stock evidencing my ownership of any cooperative apartment, including, but not limited to, 146 S. 62nd Street, Philadelphia, PA 19139, on such terms as my agent deems advisable, and to purchase or otherwise acquire any interest in and acquire possession of real property or cooperative apartments and to accept all deeds for such property; and to manage, repair, improve, maintain, restore, build, or develop any such property in which I now have or may later acquire an interest.

5. *Safe Deposit Boxes.* To have access to any and all safe deposit boxes now or hereafter standing in my name; and to add to and to remove all or any part of the contents thereof; and to enter into leases for such safe deposit boxes or surrender same.

6. *Insurance.* To procure, change, carry or cancel insurance of such kind and in such amounts against any and all risks affecting property or persons against liability, damage or claim of any sort.

7. *Benefit Plans.* To apply for and receive any government, insurance and retirement benefits to which I may be entitled including the right to act as my representative payee with the Social Security Administration and

to exercise any right to elect benefits or payment options; [optional language: to terminate, to change beneficiaries or ownership,] to assign rights, to borrow or receive cash value in return for the surrender of any or all rights I may have in life insurance policies or benefits, annuity policies, plans or benefits, mutual fund and other dividend investment plans and retirement, profit-sharing and employee welfare plans and benefits.

8. *Taxes.* To represent me in all Federal, state, local or foreign tax matters for all years, with full power, subject to revocation, to prepare, sign and file tax returns of all kinds, including the power to receive checks in payment of any refund of Federal, state, local or foreign taxes, penalties or interest; to execute and file petitions to the Tax Court and all other tax related documents; to execute applications for extensions of time to file tax returns; to delegate authority or to substitute another agent; to execute waivers (including offers of waivers) of restrictions on assessment or collection of deficiencies in tax, and waivers of notice of disallowance of a claim for credit or refund; to extend the statutory period for assessment or collection of taxes; to execute a closing agreement under *Section 7121 of the Internal Revenue Code* or any corresponding provision of state, local or foreign tax law; to execute a protest to a determination of taxes by a district director or a state, local or foreign authority; to execute claims for refund or abatement; to execute specific tax power of attorney forms required by the Internal Revenue Service (including Internal Revenue Service Form No. 2848) and/or any state, local or foreign taxing authority; to pay taxes due; to post bonds; and to receive confidential information with respect to the above matters;

9. *Borrow.* To borrow money for my account on whatever terms and conditions my agent deems advisable, including the right to borrow money on any insurance policy issued on my life for any purpose; and to pledge, assign, and deliver such policies as security without any obligation whatsoever on the part of such insurance company to determine the purpose for such loan or the application of the proceeds.

10. *Employment of Others.* To employ lawyers, investment counsel, accountants, physicians, dentists and other persons to render services for or to me or my estate and to pay the usual and reasonable fees and compensation of such persons for their services.

11. *Renunciation of Fiduciary and Other Positions.* To renounce any fiduciary position to which I have been appointed, including the custodianship of any property held for the benefit of a minor; to resign any fiduciary position in which I may be serving and either file an accounting with a court of competent jurisdiction or settle on receipt and release or other informal method as my agent deems advisable; and to renounce or resign from any position as an officer or director of any corporation, or political or governmental body.

12. *Appointment of Successor.* Where I have not provided for a successor or successors to my agent, my agent shall have the power to appoint such successor or successors by unanimous agreement.

13. *Claim Elective Share.* To elect to take against the will and conveyances of my spouse after death, if appropriate, and disclaim any interest in property which I am required to disclaim as a result of such election; to retain any property which I have the right to elect to retain; to file petitions pertaining to the election, including petitions to extend the time for electing and petitions for orders, decrees, and judgments; and to take all other actions which my agent deems appropriate in order to effectuate the election.

14. *Disclaimer of Interests.* To release or disclaim on my behalf any interest in property.

15. *Operation of Business.* To continue the operation of any business belonging to me, or in which I have a substantial interest, including but not limited to NOT APPLICABLE, for such time and in such manner as my agent may deem advisable, including representing me at shareholders' and partnership meetings and voting proxies; to sell or liquidate any business, or interest therein, at such time and on such terms as my agent deems advisable and in my best interest; or to incorporate any business at such time and on such terms as my agent deems advisable and in my best interest. This power shall include matters pertaining to the mortgage held by NOT APPLICABLE, securing the loan made to NOT APPLICABLE, which I signed as guarantor.

16. *Partnerships.* To exercise any right, power, privilege or option I may have or may claim under any contract of partnership whether as a general, special or limited partner, including those mentioned heretofore; to modify or terminate my interest upon such terms and conditions as my agent may deem appropriate; to

enforce the terms of any such partnership agreement for my protection, whether by action, proceeding or otherwise as my agent shall deem appropriate; to defend, submit to arbitration, settle or compromise any action or other legal proceeding to which I am a party because of my membership in such partnership.

17. *Claims.* To institute, prosecute, defend, compromise or otherwise dispose of and to appear for me in any proceedings at law or in equity or otherwise before any tribunal for the enforcement or for the defense of any claim, either alone or in conjunction with other persons, relating to me or to any property of mine or any other persons, and to obtain, discharge and substitute counsel and authorize appearance of such counsel to be entered for me in any such action or proceeding; and to compromise or arbitrate any claim in which I may be in any manner interested and for that purpose to enter into agreements or to compromise or to arbitrate, either through counsel or otherwise to carry on such compromise or arbitration and perform or enforce any award entered in arbitration.

18. *Compensation of Agent.* Except as my agent may waive same from time to time, in the absence of a specific agreement to the contrary between my agent and me, my agent shall be entitled to reasonable compensation based upon the actual responsibilities assumed and performed. In addition, my agent shall be entitled to reimbursement for actual expenses advanced on behalf of the principal and to reasonable expenses incurred in connection with the performance of the agent's duties.

19. *Creation of Trust.* To execute a deed of trust, designating one or more persons, including my agent as original or successor trustees and to transfer to the trust any or all property owned by me as my agent may decide, provided that the income and principal of the trust shall either be distributable to me or to the guardian of my estate, or be applied for my benefit, and upon my death, any remaining balance of principal or unexpended income of the trust shall be distributed to my estate. Furthermore, the deed of trust shall be amendable and revocable at any time and from time to time, in whole or in part, by me or my agent, provided that any such amendment by my agent shall not include any provision which could not be included in the original deed.

20. *Nomination of Guardian.* To nominate the guardian of my estate and/or person for consideration by a court if incapacity proceedings for my estate and/or person are hereafter commenced. I nominate my agent, Barrington Whyte, as guardian of my estate and/or person. If Barrington Whyte is unable or unwilling to act or to continue to act, I then nominate Alveta Hughes as guardian of my estate and/or person.

21. *Execute Documents, Enter Into Contracts, and Pay Reasonable Compensation or Costs in Implementing the Above Powers.* To sign, execute, deliver, acknowledge and make declarations in any document or documents that may be necessary, desirable, convenient or proper in order to exercise any of the powers described; to enter into contracts; and to pay reasonable compensation or costs in the exercise of any such powers.

22. *Appointment of Ancillary Agents.* If at any time my agent deems it necessary or desirable in my agent's discretion to appoint one or more ancillary agents to act on my behalf in any other jurisdiction or jurisdictions, my agent may appoint one or more such ancillary agents. In making any such appointment my agent may sign, execute, deliver, acknowledge and make declarations in any documents (including living wills, health care declarations or similar documents) as may be necessary or desirable in order to effectuate any such ancillary appointment, and my agent may grant to any ancillary agent any or all of the powers, duties and authorities granted to her hereunder, but may not grant to any such ancillary agent powers which are inconsistent with those granted to my agent hereunder.

23. *Third Party Reliance.* For the purposes of inducing any physician, hospital, bank, broker, custodian, insurer, lender, transfer agent, taxing authority, governmental agency, or other party to act in accordance with the powers granted in this document, I hereby represent, warrant and agree that:

   A. If this document is revoked or amended for any reason, I, my estate, my heirs, successors, and assigns will hold such party or parties harmless from any loss suffered, or liability incurred, by such party or parties in acting in accordance with this document prior to that party's receipt of written notice of any such termination or amendment or has actual notice of my death.

   B. The powers conferred on my agent by this document may be exercised by my agent alone and my agent's signature or act under the authority granted in this document may be accepted by third parties

as fully authorized by me and with the same force and effect as if I were personally present, competent, and acting on my own behalf.

C. No person who acts in reliance upon any representation my agent may make regarding the scope of authority granted under this document shall incur any liability to me, my estate, my heirs, successors or assigns for permitting my agent to exercise any such power, nor shall any person who deals with my agent be responsible to determine or insure the proper application of funds or property.

D. My agent shall have the right to seek court orders mandating appropriate acts if a third party refuses to comply with actions taken by my agent which are authorized by this document, or enjoining acts by third parties which my agent has not authorized. In addition, my agent may bring legal action against any third party who fails to comply with actions I have authorized my agent to take and demand damages, including punitive damages, on my behalf for such noncompliance.

24. *Conflicts of Interest.* I recognize that the agents I have named may be in a conflict of interest position either because of a business or professional relationship they have with me. I waive any right I may have to object to their acting notwithstanding the conflict, because I believe they will act in my best interests.

25. *Waiver of Certain Fiduciary Responsibilities.* My agent and my agent's heirs, successors and assigns are hereby released and forever discharged from any and all liability upon any claim or demand of any nature whatsoever by me or my heirs and assigns arising out of the acts or omissions of my agent, except for willful misconduct or gross negligence. My agent shall have no responsibility to make my property productive of income, to increase the value of my estate or to diversify my investments. My agent shall have no liability for entering into transactions authorized by this instrument with my agent in my agent's individual capacity so long as my agent believes in good faith that such transactions are in my best interests or the best interests of my estate and those persons interested in my estate.

26. *Pennsylvania Law Governs.* Questions pertaining to the validity, construction and powers created under this instrument shall be determined in accordance with the laws of the Commonwealth of Pennsylvania.

27. *Bankruptcy.* My agent shall have the right to prepare, to execute and to file all required papers and instruments which are necessary for an effective filing under the United States Bankruptcy Code, and the pertinent state law, and in that regard: (1) to complete any credit counseling and/or financial management course requirements on my behalf, (2) to appear on my behalf at Court and the First Meeting for creditors, and (3) to do all acts and to prepare and sign all documents necessary for the filing, handling and completion thereof, including without limitation: (a) Signing the Petition, Schedules, and other documents necessary to effect the filing, (b) Submission of an application for Court approval to use Interrogatories in place of a personal appearance at the First Meeting of Creditors, (c) Signing of the Interrogatories, (d) Personal appearance at the First Meeting of Creditors, (e) Signing of affidavits and any and all other documents necessary for or related to motions, applications, and other submissions to the Court or the Bankruptcy Trustee.

I have signed this power of attorney this _____27th_____ day of __March 2018__ (month and year).

*Lyndel Toppin* (Principal)

Joseph Nulty
WITNESS # 1 (PRINT)

_____
WITNESS # 1 (SIGNATURE)

Diana Htu
WITNESS # 2 (PRINT)

_____
WITNESS # 2 (SIGNATURE)

1500 JFK BLVD Philadelphia PA 19102
ADDRESS

215-564-0274
TELEPHONE

1500 JFK Blvd, Philadelphia, PA 19102
ADDRESS

215-564-0274
TELEPHONE

## ACKNOWLEDGMENT

I, Barrington Whyte (*Agent*), have read the attached power of attorney and am the person identified as the agent for the principal. I hereby acknowledge that in the absence of a specific provisions to the contrary in the power of attorney or in 20 Pa. Cons. Stat. Ann. when I act as agent:

I shall act in accordance with the principal's reasonable expectations to the extent actually known by me and, otherwise, in the principal's best interest, act in good faith and act only within the scope of authority granted to me by the principal in the power of attorney.

Date: _3/27/18_

_(signature)_

(*Agent*)


**COMMONWEALTH OF PENNSYLVANIA**     :
         :
         :    *SS.*
**COUNTY OF PHILADELPHIA**       :

      Subscribed, sworn or affirmed and acknowledged before me personally on this _27th_ day of _March 2018_ (*month and year*) by Lyndell Toppin, and the witnesses whose names appear above.

      In witness whereof, I hereunto set my hand and official seal.


_(signature)_

NOTARY PUBLIC SIGNATURE

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
PAUL MULLIN JR
Notary Public
CITY OF PHILADELPHIA, PHILADELPHIA CNTY
My Commission Expires Jan 29, 2019